UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BASTING,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>    Defendant. | Case No. 20-cv-05981-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT**<br><br>Re: Dkt. No. 48 |

  Before the Court is a Motion to Amend or Alter Judgment filed by plaintiff Karen Basting, Dkt. No. 48, asking this Court to reconsider, pursuant to Fed. R. Civ. P. 59(e) or 60(b), its grant of summary judgment in favor of S.F. Bay Area Rapid Transit ("BART"). Dkt. No. 46. Basting failed to request leave under Civil Local Rule 7-9(a) to file a motion for reconsideration. However, even assuming the motion were properly before the Court, *Oliver v. City & Cty. of San Francisco*, No. C 07-2460 JL, 2009 WL 10736489, at *1 (N.D. Cal. Mar. 23, 2009) (denying motion for reconsideration due to failure to comply with Local Rules), the Court has carefully considered the arguments raised in the Motion and concludes no error of law was committed.

  The fourth exception to the federal Equal Pay Act permits differential wages if the differential is "based on any other factor other than sex." 29 U.S.C. § 206(d)(1)(iv). In *Rizo v. Yovino*, the Ninth Circuit further instructed that the "other factor" must still be job-related. 950 F.3d 1217, 1227 (9th Cir. 2020). This Court concluded BART's decision to give pay bumps to only those employees with two years of tenure as of June 30, 2019 amounted to a job-related factor based on presumptive proficiency within a position. Dkt. No. 46 at 5. In her Motion, Basting argues the "two-year rule is not an established proxy for proficiency and instead represents an arbitrary cut-off." Dkt. No. 48-1 at 5. Basting fails to identify any case law holding that a proxy for proficiency must be "established" or non-arbitrary. (For good reason: most proxies for proficiency, e.g., sales targets, hours billed, annual reviews, are arguably arbitrary and subject to differences of opinion).

All *Rizo* required was that BART's two-year proficiency presumption, applied at a set point in time to allocate a one-time pay increase, was related to the jobs for which the pay differential arose, and was "in fact" the reason for paying some employees less than others irrespective of gender.

Basting further challenges the Court's analysis under the California Equal Pay Act. There, this Court held that BART's decision to implement a one-time pay bump only for employees satisfying the two-year rule "was related to business necessity" because it enabled BART "to implement the Segal Study's recommendation in a financially viable manner." Dkt. No. 46 at 7. Basting correctly observes *Rizo*'s close scrutiny of pay differentials based on a business's self-asserted economic needs. 950 F.3d at 1230. *Rizo*, however, addressed only the scope of the exceptions to the federal Equal Pay Act, *not* the California analogue, which expressly permits pay differentials based on a gender-neutral bona fide factor ". . . only if the employer demonstrates that the factor is not based on or derived from a sex-based differential in compensation, is job related with respect to the position in question, and is consistent with a business necessity. For purposes of this subparagraph, 'business necessity' means an overriding legitimate business purpose such that the factor relied upon effectively fulfills the business purpose it is supposed to serve." Cal. Labor Code 1197.5 (a)(1)(D).

To the extent the California legislature has incorporated *Rizo* into the Labor Code, it has done so for the limited purpose of prohibiting employers from relying "on the salary history information of an applicant for employment as a factor in determining whether to offer employment to an applicant or what salary to offer an applicant." Cal. Labor Code 423.3. Financial viability remains an overriding legitimate business purpose.

The Court has considered the additional arguments raised and finds none persuasive. The Motion to Amend or Alter Judgment is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 16, 2022

_____
SUSAN ILLSTON
United States District Judge